IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 5, 2009

IN RE R.H. AND J.H.

Appeal from the Juvenile Court for Putnam County
No. 797    John Hudson, Judge

No. M2009-00604-COA-R3-PT - Filed August 18, 2009

Parents of two children appeal the termination of their parental rights, asserting that the grounds for termination do not exist under the facts presented. We affirm the judgment of the trial court.

Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Affirmed

RICHARD H. DINKINS, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, P. J., M. S., and FRANK G. CLEMENT, JR., J., joined.

Daryl A. Colson, Livingston, Tennessee, for the appellant, S.H.

William Roberson, Cookeville, Tennessee, for the appellant, C.D.H.

Cindy A. Howell, Sparta, Tennessee, for the appellees, J.W.W. and D.W.

MEMORANDUM OPINION[1]

I. Factual and Procedural Background

The children at issue in this appeal, R.L.H. and J.E.D.H. were born to the marriage of J.W.W.[2] and C.D.H., who subsequently divorced. They both remarried and J.W.W. consented to the adoption of the children by C.D.H.'s new husband, S.H. The children initially came into the custody

---

[1] Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2] In order to protect the identity of the children, all parties will be identified using their initials.

of the Department of Children's Services ("DCS") on May 18, 2005, as a result of a petition filed by DCS in the Putnam County Juvenile Court seeking to have the children declared dependent and neglected and placed in DCS custody due to sexual abuse by S.H.'s father. An order was entered allowing the removal of the children because C.D.H. and S.H. failed to protect R.L.H. from the sexual abuse. The children were placed in a foster home and a permanency plan was adopted on June 6, 2005. The goal of the plan was reunification with parents and the plan allowed supervised visits by C.D.H. and S.H. The plan also required C.D.H. and S.H. to undergo a parenting assessment and successfully complete parenting classes; to undergo a mental health assessment and follow recommendations; to attend counseling to address their failure to protect R.L.H.; and to protect R.L.H. and J.E.D.H. from abuse. The plan was ratified by the Juvenile Court judge.

An adjudicatory and dispositional hearing was held resulting in an order entered June 22, 2006, finding the children to be dependent and neglected based upon sexual abuse of R.L.H. by her adoptive grandfather, and that C.D.H. and S. H. had knowledge of the abuse but failed to protect R.L.H. from further abuse. Following a home study, the children were placed in the home of J.W.W.'s parents, with visitation granted to C.D.H. and S. H. as well as J.W.W. and D.W., the new wife of J.W.W. Upon appeal by C.D.H. and S.H., the Circuit Court affirmed the finding that they committed severe child abuse as defined at Tenn. Code Ann. § 37-1-102(21), placed legal and physical custody of the children with J.W.W. and D.W., and ruled that C.D.H. and S.H. would have no visitation with the children.

J.W.W. and D.W. initiated the instant proceeding on March 1, 2007. Following a trial, the court entered an order terminating the parental rights of C.D.H. and S.H. on the grounds of abandonment by failure to visit; abandonment by failure to support; substantial noncompliance with the permanency plans; persistence of conditions; and severe child abuse. Both parents appeal[3] asserting generally that the facts do not support the termination of their parental rights.

## II. Standard of Review

A parent has a fundamental right to the care, custody, and control of his or her child. *Stanley v. Illinois*, 405 U.S. 645, 651 (1972); *Nash-Putnam v. McCloud*, 921 S.W.2d 170, 174 (Tenn. 1996). Thus, the state may interfere with parental rights only if there is a compelling state interest. *Nash-Putnam*, 921 S.W.2d at 174-75 (citing *Santosky v. Kramer,* 455 U.S. 745 (1982)). Our termination statutes identify "those situations in which the state's interest in the welfare of a child justifies interference with a parent's constitutional rights by setting forth grounds on which termination proceedings can be brought." *In re W.B.*, 2005 WL 1021618, at *7 (citing Tenn. Code Ann. § 36-1-113(g)). A person seeking to terminate parental rights must prove both the existence of one of the statutory grounds for termination and that termination is in the child's best interest. *In re D.L.B.*, 118 S.W.3d 360, 367 (Tenn. 2003); *In re Valentine,* 79 S.W.3d 539, 546 (Tenn. 2002); Tenn. Code Ann. § 36-1-113(c).

---

[3] S.H. did not participate in the trial of the case but has filed a joint brief with C.D.H. in this appeal.

Because of the fundamental nature of the parent's rights and the grave consequences of the termination of those rights, courts must require a higher standard of proof in deciding termination cases. *Santosky*, 455 U.S. at 769; *Matter of M.W.A., Jr.*, 980 S.W.29 620, 622 (Tenn. Ct. App. 1998). Thus, both the grounds for termination and the best interest inquiry must be established by clear and convincing evidence. Tenn. Code Ann. § 36-3-113(c)(1); *In re Valentine*, 79 S.W.3d at 546. Clear and convincing evidence "establishes that the truth of the facts asserted is highly probable . . . and eliminates any serious or substantial doubt about correctness of the conclusions drawn from the evidence." *In re M.J.B.*, 140 S.W.3d 643, 653 (Tenn. Ct. App. 2004). Such evidence "produces in a fact-finder's mind a firm belief or conviction regarding the truth of the facts sought to be established." *Id.* at 653.

In light of the heightened standard of proof in these cases, a reviewing court must adapt the customary standard of review set forth by Tenn. R. App. P. 13(d). *In re M.J.B.*, 140 S.W.3d at 654. As to the court's findings of fact, our review is *de novo* with a presumption of correctness unless the evidence preponderates otherwise, in accordance with Tenn. R. App. P. 13(d). *Id.* We must then determine whether the facts, as found by the trial court or as supported by the preponderance of the evidence, clearly and convincingly establish the elements necessary to terminate parental rights. *Id.*

## III. Discussion

Although the trial court terminated the parental rights of C.D.H. and S.H. on five grounds, they have only briefed the grounds of abandonment and failure to support. Having failed to properly brief the other grounds, C.D.H. and S.H. have waived any issue regarding the remaining grounds upon which their rights were terminated.[4]

A court may terminate a person's parental rights if (1) the existence of at least one statutory ground is proved by clear and convincing evidence and (2) it is clearly and convincingly established that termination of the parent's rights is in the best interest of the child. Tenn. Code Ann. § 36-1-113(c); *In Re RLF,* 278 S.W.3d 305, 311 (Tenn. Ct. App. 2008). Having waived any issue regarding the sufficiency of the evidence to establish the grounds of substantial noncompliance with the permanency plans, persistence of conditions and severe child abuse, we proceed to the sufficiency of the evidence to establish that termination is in the best interest of the children.

Even though C.D.H. and S.H. have also failed to brief the issue of whether termination of parental rights is in the best interest of the children, we have reviewed the exhaustive opinion of the

---

4

  "[T]he failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as required by Rule 27(a)(7) [Tenn. R. App. P.] constitutes a waiver of the issue. *See State v. Schaller,* 975 S.W.2d 313, 318 (Tenn. Ct. App. 1977) . . . Moreover, an issue is waived where it is simply raised without any argument regarding its merits. *See Blair v. Badenhope*, 940 S.W.2d 575, 576-77 (Tenn. Ct. App. 1996)."

*Lykins v. Key Bank USA, NA*, 2006 WL 2482963 at *5 (Tenn. Ct. App. Aug. 29, 2006)

trial court and reviewed the record and find that the facts fully support the finding that termination was in the best interest of the children.

**IV. Conclusion**

For the reasons set forth above, the decision of the Juvenile Court is AFFIRMED.  Costs are assessed against C.D.H. and S.H., equally, for which execution may issue if necessary.

_____
RICHARD H. DINKINS, JUDGE